JjWOODARD, Judge.
This personal injury action for damages arises out of an accident which occurred at the intersection of Charity Street (Louisiana Highway 14) and Gertrude Street in Vermilion Parish.
FACTS
On December 9, 1990, Grade Bessard was transported to St. Theresa Catholic Church by her daughter. After the services ended, Mrs. Bessard left Church and headed toward her daughter’s car which was parked beyond Charity Street. She walked down the sidewalk adjacent to the Church and abutting the east side of Gertrude Street. Photographs show this sidewalk intersects and ends at the sidewalk which parallels Charity Street, forming a T. The Charity Street sidewalk, however, extends to the Gertrude Street curb. As Mrs. Bessard walked toward the intersection, she was joined by Ada Johnson. When the two women reached the end of the Gertrude Street sidewalk, they continued straight ahead, walking over the Charity Street sidewalk and onto a grassy area between the sidewalk and the Charity Street curb. After the traffic cleared, Mrs. Bessard attempted to cross Charity Street. She tripped and fell when her foot caught in broken concrete curbing. Mrs. Bessard testified 12that she measured the hole where she fell by putting her hand in it and that the depth of the hole was four or five inches. Photographs introduced into evidence, supported Mrs. Bessard’s estimate. We attach hereto plaintiffs exhibit number three for reference.
As a result of her fall, Mrs. Bessard sustained considerable injuries to her knee and ankle. She filed suit January 31, 1991 against the State of Louisiana, through the Department of Transportation and Development (DOTD) and the City of Abbeville. The City of Abbeville subsequently filed a Motion for Summary Judgment. The trial court granted the'Motion; finding that the City was not responsible for the maintenance or repair of a state highway.
The trial court subsequently found the state 100% liable for the Mrs. Bessard’s accident and resulting injuries. On appeal, DOTD submits, inter alia, that: (1) the condition of the curb did not pose an unreasonable risk of harm to the plaintiff; (2) the plaintiff fell due to her own negligence; and (3) the trial court erred in awarding plaintiff damages for future medical expenses and miscellaneous expenses.
LIABILITY OF DOTD
The owner, or person having custody, of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315. Usually the difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La.C.C. art. 2317, a claimant is relieved of proving the defendant’s knowledge of the risk. Clement v. State, Department of Transportation and Development, 528 So.2d 176 (La.App. 1st Cir.), writ denied, 532 So.2d 157 (La.1988). However, La.R.S. 9:2800 provides that even under a strict liability theory, when the defendant is a public entity, the plaintiff must prove that the defendant had actual or constructive knowledge of the vice or defect and failed to remedy it within a ^reasonable time. Under either theory of liability (when the defendant is a state entity), the plaintiff has the burden of proving that: (1) the property which *311 caused the damage was in the “custody” of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); (3) the defendant had actual or constructive knowledge of the risk; and (4) that the defect in the property was a cause in fact of the resulting injury. In both negligence and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty.
DOTD has a duty to maintain public highways in a reasonably safe condition and remedy conditions that make the roadway unsafe. The duty to remedy arises from knowledge of an unsafe condition on the highway. Before DOTD may be held liable for an accident caused by a hazardous or dangerous condition, it must be shown that it had actual or constructive notice of the condition and a sufficient opportunity to remedy the situation or at least warn motorists of its presence, and failed to do so.
Boudreaux v. Farmer, 604 So.2d 641, 650-651 (La.App. 1 Cir.1992).
There is no dispute that DOTD had custody of the curb in question. The issues are whether the curb and conditions of the area surrounding the curb (1) created an unreasonable risk of harm; i.e. whether the property was defective; (2) caused plaintiffs injuries; and (3) whether the DOTD had knowledge of the defect.
In its well written reasons for judgment, the trial court stated the following:
Evidence adduced at trial substantiates that two large cracks in the curb caused Ms. Bessard to fall onto her knees into Charity Street.
[[Image here]]
No warning signs were posted at the defective curb. According to testimony of the DOTD district and parish supervisors, the curb in question is in the custody and control of defendant, Louisiana Department of Transportation and Development. DOTD inspected this highway, including curbs, every two week (sic.) prior to this accident. Therefore, this court holds that DOTD had constructive notice of this defect. The curb in question is La mountable curb, which by its very design is meant to be used by pedestrians exiting their automobiles. The State of Louisiana owes these pedestrians a duty of care to keep curbs in repair so as not to cause injury. This court holds that this curb posed an unreasonable risk of harm and further, that Graeie Bessard acted as an ordinary, prudent pedestrian as she approached the curb. She prudently looked up to observe the traffic on Charity Street and when she stepped forward, her foot became lodged into the defective curb, resulting in the accident.
In Stobart v. State Through DOTD, 617 So.2d 880, 882 (La.1993) the supreme court found:
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
After a thorough review of the record, we find no manifest error in the trial court’s ruling.
EXPENSES
DOTD argues that the trial court erred in awarding future medical expenses to plaintiff in the amount of $8,500.00 and $2,500.00 for miscellaneous expenses. The plaintiff must prove, by a preponderance of evidence, the damages caused by the tortfea-sor’s fault. Proof is sufficient to constitute a preponderance when it shows that the fact sought to be proved is more probable than not. Veazey v. State Farm Mutual Auto Ins., 587 So.2d 5 (La.App. 3 Cir.1991). Medi *312 cal testimony in the record shows plaintiff will have continued pain and will need continued physical therapy in the future. The record also supports plaintiffs need for pain medication in the future. The record clearly shows that plaintiff does not drive and thus has had to take taxis to health care providers and will have to take them in the future as she continues her physical;; therapy. There is also in the record evidence of plaintiffs expenses for paying others to run necessary errands for her while she was immobilized. Thus, again, we do not find manifest error in the trial court’s award for medical and mis-eellaneous expenses. This assignment of error also lacks merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant, DOTD.
AFFIRMED.
DOUCET, J., dissents and assigns reasons.
YELVERTON, J., dissents for the reasons assigned by Judge DOUCET.
[[Image here]]